IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


LOUIS A. ROBBINS,

                Defendant/Petitioner,          Case No. 3:05 CR 734

        -vs-

                                    O   R   D   E   R

UNITED STATES OF AMERICA,

                Plaintiff/Respondent.

KATZ, J.

This matter is before the Court on Petitioner's motion for relief from judgment and the government's response thereto.   For the reasons stated below, Petitioner's motion is not well taken.

### BRIEF BACKGROUND

In December 2005, Petitioner plead guilty to possession with intent to distribute 143.7 grams of crack cocaine (Count 1), possession of a firearm in furtherance of a drug trafficking crime (Count 4) , and possession of a firearm while a felon (Count 7).  As part of a plea agreement, the remaining charges against Petitioner were dismissed.  Petitioner was sentenced to a term of 121 months on Count 1, 120 months on Count 7, to run concurrently, and 60 months on Count 4 to run consecutively, followed by a term of 3 years on supervised release.  (Doc. No. 47.) Petitioner filed a notice of appeal and on June 26, 2007, the Sixth Circuit affirmed the judgment of the district court.  (Doc. No. 74.)

In September 2009, Petitioner filed his motion for relief from judgment seeking leave to file a petition under 28 U.S.C. § 2255 as timely.  The Court denied the requested relief on October 15, 2009. (Doc. No. 78).  A subsequent motion for reconsideration by Petitioner was similarly denied on November 18, 2009.  (Doc. No. 82.)  Petitioner took an appeal on this issue, but it too,

was dismissed by the appellate court for want of prosecution in April 2010.  (Doc.  No. 85.)

Petitioner's latest filing seeks relief pursuant to § 2255, specifically to amend the judgment to

allow his sentence under Count 4 to run concurrently with his other terms and not consecutively,

as ordered by this Court in April 2006.

### DISCUSSION

Under 28 U.S.C. § 2255, "[a] 1-year period of limitation shall apply to a motion under this

section" and commences after one of the following four dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, and made retroactively applicable to the cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In this instance, the government correctly notes that Petitioner's direct appeal was

completed on June 26, 2007, following the Sixth Circuit's determination affirming the district

court's judgment.   Petitioner's conviction became final on the date the petition for a writ of

certiorari was due challenging the conviction.  *Clay v. United States*, 537 U.S. 522, 252 (2003).  In

order to fall within the statute of limitations, Petitioner would have had to have filed his petition

on or before September 24, 2008.  The docket reflects the motion for relief from judgment which

requests relief pursuant to 28 U.S.C. § 2255, was signed on September 9, 2010, nearly two years

after the conviction became final.

Petitioner does not contend that equitable tolling applies to his case but instead requests

relief on the basis of a recent Sixth Circuit case, *United States v. Almany*, 598 F.3d 238 (6th Cir.

2

2010), *petition for cert. filed*, 78 U.S.L.W. 3745 (June 8, 2010).  *Almany* considered the meaning of the "except" clause under 18 U.S.C. § 924(c), a position adopted by Petitioner in support of his petition herein.   As noted by the government, the Supreme Court has not yet ruled on this issue nor made it retroactive.  Until such a determination is made, the present state of law is such that Petitioner is foreclosed from relief due to his untimely petition.

Accordingly, Petitioners' motion for relief from judgment (Doc. No. 86) is denied and his Petition pursuant to 28 U.S.C. § 2255 is dismissed as untimely. Additionally, the Court certifies, pursuant to 28 USC 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  28 USC 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

　　S/ *David A. Katz*　　
DAVID A. KATZ
U. S. DISTRICT JUDGE

3